UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NATHAN HERNANDEZ,

    Plaintiff,

v.  No. 22-cv-205-MV-GJF

ROBERT PEROZYNSKI,
MIGUEL GONZALES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Robert Perozynski and Miguel Gonzales' Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1)-(6), etc. (Doc. 18) (the "Amended Motion to Dismiss"). Also before the Court are Plaintiff Nathan Hernandez's Motion to Amend Prisoner Civil Rights Complaint (Doc. 9) (the "Motion to Amend"); Plaintiff's Motion to Appoint Counsel (Doc. 5); Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 7) (the "Motion to Dismiss"); and Plaintiff's Motion to Deny Dismissal (Doc. 22) ("Plaintiff's Response"). Plaintiff's Motion to Amend will be granted and the Court will consider the Amended Complaint incorporated therein to be Plaintiff's operative pleading. As the Motion to Dismiss (Doc. 7) is superseded by the Amended Motion to Dismiss, it will be set aside as moot.

After considering the Amended Complaint, the Amended Motion to Dismiss, Plaintiff's Response, and the relevant law, the Court finds that the claims in the Amended Complaint are barred by the applicable statutes of limitations. To the extent that the Amended Motion to Dismiss seeks dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), it is well taken and shall be granted. The Complaint will be dismissed with prejudice.

## BACKGROUND

For purposes of this Memorandum Opinion and Order, the Court assumes without deciding that the following facts taken from the Complaint are true. Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On or about January 31, 2017,[1] Plaintiff was arrested for violating the terms of his probation in two state court cases, *State of New Mexico v. Hernandez*, Case No. D-503-CR-2014-345 and *State of New Mexico v. Hernandez*, No. 503-CR-2015-284. (Doc. 9 at 2). Defendants wrote and served the warrants that led to his arrest for the violations. (Doc. 9 at 2). After Plaintiff was arrested, and while he was detained in jail, his probation violation hearing was continued four or five times over the course of several months. (Doc. 9 at 3). A hearing was finally held on September 18, 2017, before the Honorable Jane Schuler Gray of New Mexico's Fifth Judicial District. At this hearing, Judge Schuler Gray found that the probation term in both state court cases had ended in October 2016—months before the warrants were issued.[2] (Doc. 9 at 3). Plaintiff was immediately released from detention. (Doc. 9 at 3).

---

[1] The Complaint variously alleges the arrest occurred in January and in March 2017, while Plaintiff's Response also mentions February 2017. (See Doc. 9 at 2-3, 5; Doc. 22 at 1). This ambiguity is not material to the issues before the Court.

[2] This ruling may have been based on a misapprehension of the judgments and sentences, which show that when he was arrested, Plaintiff may still have been serving a term of probation. (Doc. 9 at 3); *see State of New Mexico v. Hernandez*, Case No. D-503-CR-2014-345, NCJ: Amended Judgment/Order (8/31/2015) (sentencing Plaintiff to 17 months and 29 days in prison with 25 days of presentence confinement, followed by two years of supervised probation) & Order of Discharge on Suspended Sentence (8/25/2020) (indicating that Plaintiff's sentence expired on 3/7/2018); *State of New Mexico v. Hernandez*, No. 503-CR-2015-284 CLS: Judgment and Order (2/17/2016) (sentencing Plaintiff to 6 months in prison with 250 days presentence confinement credit, followed by 1 year and 6 months supervised probation); *see also Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (the Court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment).

Plaintiff commenced this action by filing a complaint in this Court on March 18, 2022, claiming that he was wrongfully imprisoned from January 31 to September 18, 2017. (Doc. 1). Defendants responded by filing a Motion to Dismiss on May 10, 2022, arguing, *inter alia*, that Plaintiff's claims were time barred. (Doc. 7). Fifteen days later, Plaintiff filed the Motion to Amend. (Doc. 9). As a party may amend a pleading as a matter of course within 21 days after service of a Rule 12(b) motion, Plaintiff's Motion to Amend is granted as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B) (governing pre-trial amendments to pleadings).

In the Amended Complaint, Plaintiff raises two claims of false imprisonment and seeks to state a claim for mental cruelty. (Doc. 9 at 2). His claims are founded on the United States Constitution and New Mexico tort law. (Doc. 9 at 4-5). Plaintiff seeks damages of $1,200 a day for each day of his alleged wrongful incarceration.

In response to the Amended Complaint, Defendants filed the Amended Motion to Dismiss. (Doc. 18). As grounds for dismissal, Defendants argue as follows: (1) the Court lacks subject-matter jurisdiction over Plaintiff's tort claims because the Complaint is devoid of allegations showing that Plaintiff filed a Notice of Claims as required under the New Mexico Tort Claims Act; and (2) the statute of limitations applicable to both the state tort claims and the federal claims expired before Plaintiff filed this lawsuit. (Doc. 18).

Plaintiff's Response to the Amended Motion to Dismiss reiterates the Complaint and appears to raise a new issue, namely that Plaintiff was wrongfully incarcerated for more than three years in *State of New Mexico v. Hernandez*, No. 503-CR-2015-284. Plaintiff continues to maintain that he was released on September 18, 2017, on which date his alleged wrongful incarceration ended. (Doc. 22 at 3). Plaintiff's Response does not address the Notice of Claims or statute of limitations issues raised in the Amended Motion to Dismiss.

# DISCUSSION

I.  <u>Defendants' Subject-Matter Jurisdiction Argument is Not Well Taken.</u>

Defendants argue that because Plaintiff did not satisfy the notice requirement of the New Mexico Tort Claims Act ("NMTCA"), the Court lacks jurisdiction over his claims of false imprisonment and mental cruelty insofar as they arise under state law. *See* NMSA 1978, § 41-4-12 (enumerating the torts for which sovereign immunity is waived for conduct by law enforcement officers).[3] On this ground, Defendants seek dismissal of Plaintiff's state law tort claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

As to the notice requirement, the NMTCA provides:

> A. Every person who claims damages from the state or any local public body under the Tort Claims Act shall cause to be presented to the risk management division for claims against the state, the mayor of the municipality for claims against the municipality, the superintendent of the school district for claims against the school district, the county clerk of a county for claims against the county, or to the administrative head of any other local public body for claims against such local public body, within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury.
>
> B. No suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence. The time for giving notice does not include the time, not exceeding ninety days, during which the injured person is incapacitated from giving the notice by reason of injury.

NMSA 1978, § 41-4-16. Though Defendants correctly assert that the notice requirement is jurisdictional, the notice requirement does not apply to the claims against them. The written notice requirements of Section 41–4–16(A) apply to claims against the state and local public bodies. They

---

[3] Whether Defendants are "law enforcement officers" is a question of fact. *Limacher v. Spivey*, 198 P.3d 370, 372 (N.M. App. 2008). For the limited purpose of ruling on the Amended Motion to Dismiss, the Court assumes, without deciding, that Defendants are law enforcement officers.

4

"do not apply to claims against *public employees*." *Dutton v. McKinley County Bd. of Comm'rs*, 822 P.2d 1134, 1136 (N.M. App. 1991) (emphasis added); *Mata v. Anderson*, 685 F. Supp. 2d 1223, 1253 (D.N.M. 2010) (citing *Dutton* for the same), *aff'd*, 635 F.3d 1250 (10th Cir. 2011); *see also Frappier v. Mergler*, 752 P.2d 253, 257 (N.M. App. 1988) ("Section 41-4-16(A) requires the claimant provide written notice . . . of a claim against 'the state or any local public body." The written notice requirement, [], however does not apply to public employees."). Therefore, the ostensible lack of written notice of Plaintiff's claims against Defendants is not a jurisdictional bar. To the extent that Defendants seek dismissal under Fed. R. Civ. P. 12(b)(1), the Amended Motion to Dismiss will therefore be denied.

II.   The Complaint Fails to State a Viable Claim Because the Statute of Limitations Expired Before Plaintiff Filed This Lawsuit.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court considers "whether the factual allegations in the complaint, if accepted as true, allege a plausible claim for relief." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1236 (10th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). The "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial" but to determine whether the pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-36 (10th Cir. 2014) (internal quotation marks and citations omitted). Hence, while a "complaint need not set forth detailed factual allegations," it cannot rely solely on "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1207, 1247 (D.N.M. 2014).

In non-habeas cases, "[t]he statute of limitations is an affirmative defense that must be raised by the defendant." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022).

Although dismissal on this basis generally requires factual development, "[a] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Herrera*, 32 F.4th at 991 (10th Cir. 2022) (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)). Thus, if it is clear from the face of the complaint that "the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is . . . a question of law" suitable for resolution at the motion to dismiss stage. *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995).

Here, it is clear from the face of the Complaint that Plaintiff was released from the alleged wrongful incarceration on September 18, 2017, and that he commenced this lawsuit four and a half years later, on March 18, 2022. Plaintiff's claims accrued, and the limitations periods began to run, when Plaintiff was released. *Mondragon v. Thompson*, 519 F.3d 1078, 1082-83 (10th Cir. 2008) ("As the Supreme Court explained in *Wallace* [*v. Kato*, 549 U.S. 384, 390 (2007)], a Fourth Amendment claim for false arrest or imprisonment begins to run when the alleged false imprisonment ends.") (alterations and internal quotation marks omitted)); *Maestas v. Zager*, 152 P.3d 141, 148 (N.M. 2007) (a cause of action brought under the NMTCA accrues "[o]nce a plaintiff has discovered [or with reasonable diligence could have discovered] his or her injury and" its cause). For Plaintiff's claims arising under 42 U.S.C. § 1983, the limitations period of three years expired in September 2020. *Amaro v. New Mexico*, 737 F. App'x 882, 886 (10th Cir. 2018) ("Civil[] rights claims arising in New Mexico and brought under § 1983 are governed by a three-year statute of limitations."). For Plaintiff's claims arising under the NMTCA, the two-year limitations period expired in September 2019. *See* NMSA 1978 § 41-4-15(A) ("Actions against . . . a public employee for torts shall be forever barred, unless such action is commenced within

two years after the date of occurrence[.]"). Plaintiff amended his pleading after receiving the first Motion to Dismiss based on the statute of limitations and responded to the Amended Motion to Dismiss; however, he did not raise a tolling argument or present facts from which to infer one. *See Roberts v. Barreras*, 484 F.3d 1236, 1240 (2007) ("Under New Mexico law, the party claiming that the statute of limitations should be tolled has the burden of setting forth sufficient facts to support its position.") (quoting *City of Carlsbad v. Grace*, 966 P.2d 1178, 1181 (N.M. App. 1988)). To the extent that Plaintiff did not learn about the statute of limitations until after its expiration, which is unfortunately true in many pro se cases, this cannot establish tolling. The Tenth Circuit is adamant that ignorance of the law cannot overcome an untimely filing. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) (noting a "lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same).

As it is clear from the face of the Amended Complaint that the applicable limitations periods expired well before Plaintiff filed this lawsuit, the Court will grant Defendants' Amended Motion to Dismiss for failure to state a claim upon which relief could be granted under Rule 12(b)(6). The Complaint will be dismissed with prejudice. Plaintiff's Motion to Appoint counsel will therefore be denied as moot.

III. <u>The Court Will Not Consider Claims Raised for the First Time in Plaintiff's Response</u>.

To the extent that Plaintiff's Response raises a new issue, namely a potential claim that he was wrongfully incarcerated for more than three years in *State of New Mexico v. Hernandez*, No. 503-CR-2015-284, the issue is not properly before the Court. "[I]t is axiomatic that the Complaint

cannot be amended by the briefs in opposition to a motion to dismiss." *MVT Servs., LLC v. Cardenal Express, S.A. de C.V.*, No. 14-CV-282-MV-GBW, 2015 WL 13050027, at *2 (D.N.M. June 29, 2015) (unpublished); *see In re Sanofi-Aventis Sec. Litig.*, 774 F. Supp. 2d 549, 562 (S.D.N.Y. 2011) (internal quotation marks omitted); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) ("Furthermore, it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.") (internal quotation marks omitted); *Abdulina v. Eberl's Temp. Servs., Inc.*, No. 14–cv–00314–RM–BNB, 2015 WL 507647, at *5 (D. Colo. Feb. 3, 2015) ("Plaintiff, however, cannot amend her complaint by adding factual allegations in response to Defendant's motion to dismiss."). Even if the Court overlooked this procedural defect, the newly raised claim would not affect the Court's analysis insofar as Plaintiff continues to maintain that he was released on September 18, 2017. Nevertheless, if Plaintiff wishes to pursue this potential claim, he may do so in a separately filed lawsuit.

**IT IS ORDERED** as follows:

(1) Plaintiff Nathan Hernandez's Motion to Amend Prisoner Civil Rights Complaint (Doc. 9) is **GRANTED**;

(2) Defendants' Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1)-(6), etc. **(Doc. 18)** is **DENIED in Part and GRANTED in Part**, as set forth above;

(3) The claims in Plaintiff's amended complaint (Doc. 9) are **DISMISSED with prejudice**;

(4) Plaintiff's Motion to Appoint Counsel **(Doc. 5)** is **DENIED** as moot;

(5) Defendants' Motion to Dismiss for Failure to State a Claim **(Doc. 7)**, which was superseded by Defendants' Amended Motion to Dismiss, **is set aside as moot**.

(6) Plaintiff's Motion to Deny Dismissal **(Doc. 22)** is **DENIED**; and

(7)   The Court will enter a separate judgment closing this case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE